UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV21-EHJ

JOHNNY MARSHALL                                                                                     PLAINTIFF

v.

JO ANN BARNHART,
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon the Commissioner's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the case should be remanded for further proceedings.

Mr. Marshall filed an application for disability insurance benefits on March 26, 2001 and supplemental security insurance on March 16, 2001, alleging that he became disabled on January 1, 2000 as a result of colon cancer and back pain (Tr. 48, 60). After a hearing on September 11, 2002, Administrative Law Judge Peter Edison ("ALJ") found that he suffers from severe impairments of history of thoracic spine compression fracture, history of ischemic heart disease status post bypass grafting, and a history of colon cancer. The ALJ found that he is unable to return to his past relevant work, but does retain the residual functional capacity to perform a reduced range of light work. Relying upon the testimony of the vocational expert, the ALJ determined that the claimant is capable of making adjustment to work that exists in significant numbers in the national economy and is therefore not disabled.

The claimant appealed the unfavorable decision to this Court, and the magistrate has recommended that the case be remanded to the Commissioner for further consideration as the ALJ failed to identify a substantial basis for discounting the claimant's need for frequent restroom breaks as a result of chronic diarrhea. Remand is also recommended for more specific findings with regard to the frequency of the sit-stand option and its affect upon the claimant's ability to perform the light jobs identified by the vocational expert. The Commissioner has filed objections to the magistrate's report, contending that the ALJ's decision to discount plaintiff's testimony regarding chronic diarrhea and to reject the May 9, 2002 opinion of his treating physician regarding same was supported by substantial evidence and should be affirmed. Additionally, the Commissioner argues that the vocational hypothetical sufficiently addressed the sit/stand issue when viewed in context and given the extensive experience of the vocational expert in testifying for the Social Security Administration.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. As recitation of those analyses would constitute mere repetition, the Court adopts the Magistrate Judge's proposed findings and recommendations in their entirety in lieu of writing a separate opinion. Accordingly, the magistrate's report is adopted in its entirety and the case is remanded for further evaluation.